ROSEBUD ALCORN RECTOR ET AL. *v.* AMELIA W. ALCORN ET AL.

[41 South. Rep., 370.]

WILLS. *Construction. Precatory trusts.*

> A testator makes an independent provision for his widow, without a precatory trust, where by his will, mentioning the affection and watchful care of his wife and reciting that, since the date of a prior will, certain real estate had been conveyed by him to his daughters as their share of his landed estate, "leaving them to inherit such shares of my personal estate . . . as in the judgment of my executors they may be entitled to" receive, he devised certain lands to a son and bequeathed all the balance of his estate to the wife, "to be hers and to be disposed of as she may think best," adding, "I have full confidence in my said wife and abiding faith that she will deal justly with our children."

FROM the chancery court of Coahoma county.

HON. PERCY BELL, Chancellor.

Mrs. Rector and others, appellants, daughters of the late Governor James L. Alcorn, were complainants in the court below; the defendants were Mrs. Amelia W. Alcorn, widow of Governor Alcorn and mother of complainants, Mrs. May Yates Alcorn, widow and executrix of James Alcorn, a deceased son of Governor Alcorn, and James L. Alcorn, a son of said deceased James and grandson of Governor Alcorn. The object of the suit was to have a precatory trust declared, under the will of Governor Alcorn, in favor of the children and descendants of children of the testator.

The bill alleges that after the death of Governor Alcorn his son James began to lay schemes to get possession of the property devised to his mother, the testator's widow, Mrs. Amelia W. Alcorn, and that by false representations and undue influence James finally succeeded in having his mother convey to him the property which had been devised to her, according to the allega-

tions of the bill, in trust, and for which she held only a life estate; and the bill asked a construction of the will and a cancellation of the deed from Mrs. Amelia W. Alcorn to James Alcorn, and that May Yates Alcorn and others, heirs at law of said James, now deceased, be restrained from asserting any claims to the property. Mrs. Amelia W. Alcorn answered, admitting fraud and misconduct on the part of James, as alleged in the bill, and made her answer a cross-bill against May Yates Alcorn, individually and as executrix of her deceased husband, James Alcorn, and as guardian of her minor child, averring that, in case the court should decree that by the terms of said will a precatory trust was created, she was willing to assume her duty as trustee under said will, but if the court should find adversely to the theory of the trust and that she took the fee in her own right to the property so devised to her under the will of Governor Alcorn, then that the fraudulent instruments above mentioned be cancelled as clouds, and for a discovery and accounting against the codefendants. The codefendants, May Yates Alcorn and her minor son, James L. Alcorn, demurred to the original bill and the cross-bill, and the court sustained both demurrers, and the complainants and cross-complainants both appealed to the supreme court.

The will of Governor Alcorn is as follows:

"The last will and testament of James Lusk Alcorn, of the county of Coahoma, state of Mississippi:

"I, James Lusk Alcorn, of the county and state aforesaid, now in full possession of my mental vigor, but feeble in body, being now in the seventy-seventh year of my age, besides being afflicted with paralysis, which has preyed upon me for the past two years, a constant menace to my life, reminding me that at any day or hour I may be called to visit for eternity that shadowy land from which there can be no return, and being moved by a natural concern for the wife who has been so affectionate to me, and who has watched over me in my affliction, and who has not

ceased her watchfulness during my long affliction, having thought proper to make this my last will and testament, hereby revoking all others by me heretofore spoken or written, either as wills or codicils in any form whatever.

"Item 1. I desire that my son James, my only living son, shall inherit my personal effects, my watch, my walking canes, my few jewels, to be his, to be disposed of as he may see fit. I have heretofore given my son of my estate, and have made him a deed therefor, which he now possesses. In addition thereto, I now give and bequeath to him that portion of my estate known as the 'Cammack Plantation,' embracing as it does about eight hundred acres of land, with a small settlement thereon. My son James has treated me with great affection, and I love him with deep affection, and I request that my wife, Amelia, to whom I bequeath my estate, shall treat him with that favoritism and partiality which I well know her heart inclines her to do.

"On the 21st of June, 1892, I executed a will by which I devised the most of my estate. Since then my life has been spared and many changes have taken place. I have deeded to my daughter, Justina A. Swift, of San Francisco, California, an estate in lands, which I considered her share of my real estate. I have likewise conveyed by deed to my daughter Angelina an estate which I designed as her portion of my real estate, leaving them to hereafter inherit such shares of my personal estate as I may die possessed of, and which, in the judgment of my executor, they may be entitled to, and which my estate may be able in equity to give.

"All the balance of my estate, real, personal and mixed, together with all my rights and credits of whatever kind, I give and bequeath to my beloved wife, Amelia W. Alcorn, to be hers and to be disposed of as she may think best; I have full confidence in my said wife, and have abiding faith that she will deal justly with our children and the descendants of them.

"This is my holographic will, written in my own hand, I make and publish the thirteenth of April, 1893.

"And I do hereby appoint my said wife Amelia, and my son James, my executors, and do desire the chancery court to permit them, or the survivor of them, to enter upon the discharge of their duty without the execution of any bond, and without filing any inventory of my estate whatever.

"Witness my signature the day and date above written.

"JAMES LUSK ALCORN."

*J. W. Cutrer,* for appellants.

The doctrine of precatory trusts, of carrying out the wishes and aims of testators as indicated in their wills, is but the outgrowth of a desire on the parts of the courts of conscience to do simple justice. And the books are full of cases where the courts have declared that a testator's purpose shall not be defeated by reason of his unfortunate use of words.

That such action may verge upon danger is apprehended; but for the courts to see injustice wrought is more dangerous still; for it is a terrible thing that a man's life work should go for naught and the property accumulated by him after a lifetime of arduous labor should, contrary to his wishes and desires, depart from his children and without any consideration having been given therefor, go to the persons whom the testator did not desire should have it.

That Governor Alcorn's estate should follow this route and should fall into the hands of a stranger is inconceivable. When he was in the flower of his manhood, few men this state has produced had more definite decided opinions and convictions than he; few were better able to make disposition of their property.

But when we find him humbled and broken by age and disease, turning with childlike helplessness and faith to those for whom he had done so much, trusting to younger heads to do the thinking which now he was unable to do, we see one of the most pitiful pictures it is possible to imagine, and we have no hesitation in

saying that it is the duty of this court in this case to carry out and enforce his wishes, although they are expressed in the language of confidence and not in the plain, strong language of command that characterized the vigor of his younger manhood.

All the facts and circumstances surrounding the making of the will in controversy are before this court for review. It ·is admitted that Governor Alcorn intended to create a trust in favor of his children and the descendants of them; it is also admitted that, at the time he made the will, this intention on his part was well known to his family; it is admitted that he was feeble in mind and body, and that he did not then have the strength nor sufficient confidence in his own ability and judgment to formulate a division of his property among his children to take effect after his wife's death; that this task he entrusted to his wife; that he had an abiding faith in her and full confidence that she would deal justly with their children and the descendants of them in making partition among them.

The will in this case is holographic; one entirely written, dated and signed by the testator himself. The last testamentary clause of the will taken in connection with the other facts in the case creates, and was intended to create, a precatory trust in favor of the surviving issue of the testator and his wife, and the lawful issue of any such children as were predeceased, by right of representation.

Lewin lays down the general rule in the following language: "Whenever a person having power of disposition over property, manifests any intention with respect to it· in favor of another, the court, where there is sufficient consideration, or in a will where consideration is implied, will execute that intention, through the medium of a trust, however informal the language in which it happens to be expressed."

Lord Langdon in a leading case—*Knight* v. *Knight,* 3 Beaver, 172, cited in 27 Am. & Eng. Ency. Law (1st ed.), 39—says that "As a general rule it has been laid down that when property is

given absolutely to any person and the same person is, by the giver, who had power to command, recommended or entreated or wished, to dispose of such property in favor of another, the recommendation or entreaty or wish, shall be held to create a trust: First, if the words are so used that, upon the whole, they ought to be construed as imperative; secondly, if the subject of the recommendation or wish be certain; and thirdly, if the objects or persons intended to have the benefit of the recommendation or wish be also certain."

Tested by the above canon of construction, the testamentary clause in the will is unequivocally a precatory trust.

Here the husband was speaking to the wife Lord Loughbrough says: "When a person recommends to another who is independent of him, there is nothing imperative; but if he recommends that to be done by a person whom he has a right to order to do it, the recommendation is only civility." See note, 27 Am. & Eng. Ency. Law, 40; *Warner* v. *Bates,* 98 Mass., 274, where the above clause is quoted and the principle is applied. *Grower* v. *Mainwarring,* 2 Ves., 87; *Moryridge* v. *Thackwell,* 7 Ves. Jun., 36; *Handley* v. *Wrightson,* 60 Md., 198; *Harding* v. *Glynn,* 1 Atkins, 465; *Lucas* v. *Lockhart,* 10 Smed. & M., 466; *Murphy* v. *Carlin,* 113 Mo., 112; *Colton* v. *Colton,* 127 U. S., 300; *Thorp* v. *Owen,* 2 Hare, 607; *Foley* v. *Parry,* Myl & K., 138; Perry on Trusts (5th ed.), note 138; *Smith* v. *Bell,* 31 U. S., 68; Hill on Trustees, 116; *Butt* v. *Herron,* 66 Pa., 400; *Red* v. *Powers,* 69 Miss., 242 (s.c., 13 South. Rep., 586); *Williams* v. *Williams,* 1 Sim. (N. S.), 358; *Gully* v. *Crego,* 24 Beav., 185; *Shovelton* v. *Shovelton,* 32 Beav., 143; *Curnick* v. *Tucker,* L. R., 17 Eq., 320; *Knox Appeal,* 131 Pa., 220; *Platt* v. *U. P. R. Co.,* 99 U. S., 48; *Sheffield* v. *Orry,* 3 Ark., 287; *Creekes* v. *County,* 97 N. Y., 421; *Gould* v. *Head,* 41 Fed. Rep., 240; *Matter of Cayuga County,* 46 Hun., 659; *In re Pounder,* 56 L. J. Ch., 113; *Phillips* v. *Phillips,* 112 N. Y., 197; *Erickson* v. *Willard,* 1 N. H., 217; *Stokes* v. *Weston,* 142 N. Y., 433;

*Blinn* v. *Gillett,* 100 Am. St. Rep., 234; *Hudson* v. *Gray,* 58 Miss., 882; 1 Jarman on Wills, 385; *Nalim* v. *Keighley,* 2 Ves. Jun., 333; *Knight* v. *Broughton,* 11 Clark & F., 513; *Briggs* v. *Penny,* 3 Macn. & G., 546; *Brasher* v. *March,* 15 Ohio St., 103; *Warner* v. *Bates,* 98 Mass., 274; *Cole* v. *Littlefield,* 35 Me., 445; *Harrison* v. *Harrison,* 2 Cratt, 1; *Van Amee* v. *Jackson,* 35 Vt., 173; *Passmore* v. *Passmore,* 1 Philli., 216; *Brunson* v. *King,* 2 Hill Ch., 490; *Reeves* v. *Baker,* 18 Beav., 373; *Macnab* v. *Whitbread,* 17 Beav., 299; *Smith* v. *Smith,* 2 Jur. N. S., 967; *Hood* v. *Oglander,* 34 Beav., 523; *Knox* v. *Knox,* 48 Am. Rep., 487; *Wood* v. *Richardson,* 4 Beav., 174; *Raikes* v. *Ward,* 1 Hare, 445; *Leach* v. *Leach,* 13 Sim., 304; *Bristol* v. *Austin,* 40 Conn., 438; *Tolson* v. *Tolson,* 10 Gill. & J., 159; *Barnes* v. *Grant,* 26 L. J. Ch., 92; *Bowden* v. *Land,* 14 Sim., 119; *Crockett* v. *Crockett,* 2 Phill., 553; *Harl* v. *Truve,* 18 Beav., 215; *Scott* v. *Key,* 35 Beav., 291; *Cockrell* v. *Armstrong,* 31 Ark., 580; *Armstrong* v. *Armstrong,* 7 Eq., 418; *Baty* v. *Miller,* 1 Up. Can. E. & A., 218; *Hunter* v. *Sternbridge,* 12 Ga., 192; *Harrison* v. *Harrison's Administrators,* 44 Am. Dec., 365; *Cathey* v. *Cathey,* 49 Am. Dec., 71; *Williams* v. *McKinney,* 34 Kan., 514; *Noe* v. *Kern,* 93 Mo., 387; *Chase* v. *Chase,* 84 Mass., 101; *Loring* v. *Loring,* 100 Mass., 340; *Hess* v. *Singler,* 114 Mass., 59.

*Calvin Perkins,* for appellees.

1. The precatory words must clearly appear to be imperative upon the devisee, or else there is no trust. *Hess* v. *Singler,* 114 Mass., 56, 59; *Foose* v. *Whitmore,* 37 Am. St. Rep., 572; *Knight* v. *Knight,* 3 Beav., 148 (s.c., Nom. *Knight* v. *Boughton,* 11 Cl. & F., 513; 2 White & T. Lead. Cas. Eq., part 2X, p. 1082 (pp. 273, 274), 6th ed.

2. If the devisee is free to act in his own discretion, there will be no trust. 2 Redfield on Wills, 418, par. 12; *Williams* v. *Williams,* 1 Sim. (N. S.), 358 ("Full Reprint," 139); *Mere-*

*dith* v. *Heneage,* 1 Sim., 542 (Reprint, 271) ; *Eaton* v. *Watts,* 4 L. R. Eq. Cas. 1867, p. 151; *In re Huthinson & Tenant,* L. R. Ch. Div. 1878, p. 540; *Howarth* v. *Dewell,* 29 Beav., 18 (s.c., 6 Jur. N. S., 1360) ; 2 Story's Eq. Jur., sec. 1070, note 3, p. 309 (12th ed.) ; 2 Story's Eq. Jur., sec. 1069; Mr. Freeman's note to 44 Am. Dec., 378.

3. If it appears that the entire beneficial interest is given the devisee, there will be no trust. *Bardswell* v. *Bardswell,* 9 Sim., 319 ("Full Reprint," 381) ; Story's Eq. Jur., sec. 1070; *Webb* v. *Wools,* 13 English, L. & Eq. Rep., 63, 1852.

4. If the devisee is given an absolute power of disposal, there is no trust. *Carusi* v. *Howard,* 109 U. S., 725 (27 L. ed., 1089) ; 2 Pomeroy's Eq., sec. 1016; *Randall* v. *Randall,* 25 Am. St. Rep., 373.

5. If the precatory words are only applicable to what the devisee does not dispose of, there is no trust, (*a*) because of the unlimited power of disposition; (*b*) because of the uncertainty of the subject-matter of the supposed trust. *Missouri Bank* v. *Rayner,* 7 App. Cases, 321; *Pope* v. *Pope,* 10 Sim., 1 ("Full Reprint," 512, cited in 2 Story's Eq. Jur., sec. 1070, note 3 [12th ed.]) ; *Carusi* v. *Howard,* 109 U: S., 725 (27 L. ed., 1089) ; *Stowell* v. *Hastings,* 59 Am. Rep., 748; *Bills* v. *Bills,* 20 Am. St. Rep., 418; *Williams* v. *Worthington,* 33 Am. Rep., 286–289; *Nunn* v. *O'Brien,* 83 Md., 201 (34 Atl. Rep., 244) ; 2 Story's Eq. Jur., sec. 1073 (12th ed.).

6. If the devisee has the power to defeat the gift, there will be no trust. *Eaton* v. *Watts,* 4 L. R. Eq. Cas., 151–1867 ; *Hoy* v. *Master,* 6 Sim., 568 ("Full Reprint," 706) ; 2 White & T. Lead. Cas. Eq., star p. 1086 (p. 277) (6th ed).

7. If the subject-matter of the supposed trust is uncertain, it indicates that no trust is intended. *Williams* v. *Worthington,* 33 Am. Rep., 286 ; *Spooner* v. *Lovejoy,* 108 Mass., 529.

8. The will devises the property absolutely, both as to the legal and beneficial interest therein. The precatory words, if given

the effect claimed, would impose a restraint upon the absolute estate given and violate the settled rule of law against depriving an estate of its essential attributes. *Howard* v. *Carusi,* 109 U. S., 725; *Kelley* v. *Meins,* 135 Mass., 231; *Fullenwider* v. *Watson,* 14 N. E. Rep., 571; *Hall* v. *Palmer,* 11 L. R. A., 610, and note; *Moore* v. *Saunders,* 40 Am. St. Rep., 703; *Mitchell* v. *Morse,* 52 Am. St. Rep., 781; 2 White & Tudor's Lead. Cas. in Eq. (6th ed.), star p. 1084; *Hess* v. *Singler,* 114 Mass., 56; *Gifford* v. *Choate,* 100 Mass., 343.

9. Some of the cases state the rule to be that the intention to create a trust must clearly appear, and some that the presumption is clearly against the intention to create a trust. 22 Am. & Eng. Ency. Law, 1165, 1166; *Hess* v. *Singler,* 114 Mass., 56–59.

10. Every estate devised shall be deemed a fee simple if a less estate be not limited by express words, or unless it clarly appear from the will that a less estate was intended to be passed. Code 1892, § 2435; Code 1880, § 1189; Code 1871, § 2285; Code 1857, p. 306, art. 2; Hutch. Code, p. 609, sec. 23, is materially different from the other codes.

11. The modern tendency is to restrict the doctrine. 2 Pomeroy's Eq. Jur., secs. 1015, 1016; Mr. Freeman's note in 44 Am. Dec., 377, 378; Bish. Eq., 116, 117 (6th ed.); 2 Story's Eq. Jur., sec. 1969 (12th ed.); 2 White & T. Lead. Cas. Eq., star p. 1085 (p. 276) (6th ed.).

12. Whether or not there is a trust is a question of intention to be ascertained from the whole will. 2 Pomeroy's Eq., sec. 1016; *Williams* v. *Williams,* 1 Sim. (N. S.), 369; *Lucas* v. *Lockhart,* 10 Smed. & M., 466 (48 Am. Dec., 766); *Colton* v. *Colton,* 127 U. S., 300 (8 Sup. Ct., 1164; 32 L. ed., 138); *Foose* v. *Whitmore,* 82 N. Y., 405 (37 Am. St. Rep., 572); *Randall* v. *Randall,* 35 Ill., 398 (25 N. E. Rep., 780; 25 Am. St. Rep., 373); *Clay* v. *Woods,* 153 N. Y., 134 (47 N. E. Rep., 274); *Post* v. *Moore,* 181 N. Y., 15 (73 N. E. Rep., 482; 106

Am. St. Rep., 495); *Gibbins* v. *Shepard,* 125 Mass., 541; *In re Hamilton,* L. R. 2 Ch. Div., 370; *Meredith* v. *Heneage,* 1 Sim., 542; *Eaton* v. *Watts,* 4 L. R. Eq. Cas., 151; *In re Hutchinson et al.,* L. R. 8 Ch. Div., 540; *Howaorth* v. *Dewell,* 29 Beav., 18; *Bardswell* v. *Bardswell,* 9 Sim., 319; *Pope* v. *Pope,* 10 Sim., 1; *Hoy* v. *Master,* 6 Sim., 568; 2 Pomeroy's Eq. Jur., sec. 1016.

Argued orally by *John W. Cutrer,* for appellants.

Calhoon, J., delivered the opinion of the court.

From an examination of the entire will of Governor Alcorn, which the reporter will publish in full, we do not take the view that the words in reference to Mrs. Alcorn are precatory. If they are construed as not merely expressions of confidence in her acting wisely, but as imperative to control her as trustee, it seems to us the whole purpose, as indicated by the language used in reference to her, to make independent provision for her, is defeated. The contentions on both sides are so lucidly and fully put that we need only say that we agree with the authorities produced by the appellee.

*Affirmed on appeal and cross-appeal.*