## KEELEY v. ADAMS et al.*

(Division B.   Jan. 23, 1928.)

[115 So. 344.   No. 26854.]

1. WILLS. *Will devising lot described, stating that lot was all land testatrix owned in Mississippi, did not devise other land owned in Mississippi, but not mentioned in will, to devisee named.*

   Will, reading, "to J. . . . . I give, devise and bequeath lot which I now own in Pascagoula, Mississippi, said lot being all land that I own in Mississippi and is legally described as follows," with description following, did not devise to devisee named another lot that testatrix owned in Mississippi, but which was not described, nor attempted to be described, anywhere in will, since it was manifest that in preparing will testatrix overlooked fact that she owned two lots in Mississippi.

2. WILLS. *Will must be construed as made, and court cannot add to or take from will, except that surplusage may be disregarded.*

   Will must be construed as made, and courts have no authority to either add to or take from a will, except that surplusage in language of a will may be disregarded, if necessary, to get intention of testator.

3. WILLS. *Parol testimony is admissible to show facts and circumstances surrounding testator in order to properly interpret and apply language of will.*

   Parol testimony is admissible to show facts and circumstances surrounding testator, including what property he owned, in order to properly interpret and apply language of will.

4. WILLS. *Lot, not specifically disposed of by will, went to residuary devisees.*

   Where will devised lot described, stating that lot was all land testatrix owned in Mississippi, another lot testatrix owned in Mississippi, not specifically disposed of by will, went to residuary devisees.

---

*Corpus Juris-Cyc. References: Wills, 40Cyc, p. 1388, n. 90; p. 1402, n. 63; p. 1431, n. 19; p. 1534, n. 76 New; p. 1567, n. 71; On admissibility of parol evidence to prove circumstances surrounding testator from which court may draw inferences, see annotation in 6 L. R. A. (N. S.) 955; 28 R. C. L. 271, et seq.; 4 R. C. L. Supp. 1812; 5 R. C. L. Supp. 1525; 6 R. C. L. Supp. 1714.

APPEAL from chancery court of Jackson county. HON. V. A. GRIFFITH, Chancellor.

Suit by Jessie Lane Keeley against Jane Adams and others for the construction of the last will and testament of Margaret Wintringer. From a decree for defendants, plaintiff appeals. Affirmed.

*Hinkle P. Heidelberg,* for appellant.

The attorney for appellant cites the following cases: *Ball* v. *Phelan,* 94 Miss. 293, 47 So. 956; *Whitcombe* v. *Rodman,* 156 Ill. 116, 28 L. R. A. 149; *Pate* v. *Bushong* (Ind.), 63 L. R. A. 593; *Chambers* v. *Ringstaff,* 69 Ala. 140; *Chrisman* v. *Magee,* 108 Miss. 550, 67 So. 49; 40 Cyc. 1436; *Lomax* v. *Lomax,* 218 Ill. 629, 75 N. E. 1076, 6 L. R. A. (N. S.) 942.

*Ford, White, Graham & Gautier,* for appellees.

The attorneys for appellees cite: 28 R. C. L., p. 296; *Ehrman* v. *Hoskins,* 67 Miss. 192; and contend that *Chrisman* v. *Magee,* and *Pate* v. *Bushong,* cited by appellant, do not apply to the present case.

ANDERSON, J., delivered the opinion of the court.

Appellant filed the bill in this cause in the chancery court of Jackson county to have the court construe the last will and testament of Margaret Wintringer, making appellees, the residuary legatees and devisees under said will, parties defendant. There was a trial on bill, answer, and proofs, resulting in a decree in favor of appellees. From that decree appellant prosecutes this appeal.

The testatrix died seized and possessed of two lots in Jackson county situated about two miles apart, and both outside any municipality. Each of the lots was described correctly in the deed conveying it to the testatrix. One of the lots is described as "lot No. 68 in the

original town plat of Helena, Jackson county, Mississippi, in the northwest quarter of the northwest quarter of section 28, township 6 south, range 5 west," and the other lot is described as "the southwest quarter of the southwest quarter of the southwest quarter of section 34, township 6 south, range 5 west (or tract No. 4)," Jackson county, Miss.

The testatrix, in her will, did not undertake to specifically devise the latter lot.

In item 3 of the will she undertook to devise to appellant the lot first above described in the following language:

"To Jessie L. Laine, Riverdale, Maryland, I give, devise and bequeath the lot which I now own in Pascagoula, Mississippi. Said lot being all the land that I own in Mississippi, and is legally described as follows: lot 68, Helena addition, northwest half (NW½) of the northwest quarter (NW¼) of the southwest quarter (SW¼) of the southwest quarter (SW¼) of the southwest quarter (SW¼), township 6, range 5, in Pascagoula, Johnson county, Mississippi, absolutely."

By item 12 of her will, the testatrix devised and bequeathed to appellees two hundred eighty-eight acres of land in North Dakota, and, in addition thereto, devised and bequeathed to them all real and personal property of which she died seized and possessed, not specifically disposed of in her will.

Appellant contends that, although the second lot described was not devised to her under the will by specific description, nevertheless, by virtue of the last sentence of the first paragraph of the third item of the will, in which lot 68, the first lot described above, was devised to her, the second lot was also included, that sentence being as follows:

"Said lot being all of the land that I own in Mississippi and is legally described as follows."

Appellees take the converse position. They contend that the second lot was not disposed of by the will, and

that therefore, under the twelfth clause of the will, they take it as residuary devisees. The trial court took that view, and decreed that, under the will, appellant was entitled to lot 68, the first lot, and appellees to the second lot.

The question is, therefore, whether the last sentence of the first paragraph of the third item of the will, reading, "Said lot being all of the land that I own in Mississippi, and is legally described as follows," was sufficient to devise to appellant the second lot which is not described, nor attempted to be described, anywhere in the will.

We think this question must be answered in the negative. It is manifest that in the preparation of the will the testatrix overlooked the fact that, instead of one lot, she owned two lots in Jackson county, for the will plainly states, in describing the first lot (lot 68), that it was the only land that she owned in the state of Mississippi. If the testatrix had remembered, in the preparation of her will, that she owned another lot, she might have devised it otherwise than to either the appellant or the appellees.

The will must be construed as made. Courts have no authority to either add to, or take from, a will, except surplusage in the language of a will may be disregarded, if necessary, to get the intention of the testator; and parol testimony is admissible to show the facts and circumstances surrounding the testator, including what property he owned, in order to properly interpret and apply to the language of the will. *Chrisman* v. *Magee,* 108 Miss. 550, 67 So. 49, 901. The second lot, not having been specifically disposed of by the will, under item 12, goes to appellees, the residuary legatees.

*Affirmed.*

PACK, J., took no part in this decision.