LANHAM, et al. *v.* HOWELL.

Division A.   Jan. 2, 1951.

No. 37722 (49 So. (2d) 701)

384

Charles W. Anderson, J. Milam Morris, Jr., Joe Berman, Forrest G. Cooper, John H. Price, Jr., Arthur Bruce, and Bell & McBee, for appellants.

Means Johnston, Hardy Lott and H. Talbot Odom, for appellee.

Lee, J.

J. D. Lanham, an adult resident of Greenwood, Mississippi, died November 21, 1947. He had been a prosperous merchant, and a real estate agent, and at the time of his death owned property of the approximate value of half a million dollars. His only heirs at law were nieces, nephews, grandnieces and grandnephews, all of whom, except one, lived in other states. Less than two years prior to his death, in fact, on February 22, 1946, he executed a last will and testament, making Robert L. Howell his sole beneficiary. This instrument was admitted to probate in common form on November 24, 1947.

This controversy arose between the heirs at law, and their assignees, and Robert L. Howell, the beneficiary. By appropriate pleadings, namely, the bill of the complainants, and the demurrer of the defendant, the follow-

ing questions were raised: was the last will and testament sufficient to dispose of the property of the decedent; and if so, (1) does Robert L. Howell take title thereto, without limitation; or (2) did the decedent intend to devise his property in trust to Howell for the benefit of unnamed beneficiaries.

The lower court sustained the demurrer. The effect of that decision was to uphold the validity of the will, to adjudicate that Howell took title to all of the property of the decedent, without limitation, and that no trust was created. The heirs at law have appealed here.

The will, omitting the certificate of the subscribing witnesses, is as follows:

"Last Will and Testament of
"J. D. Lanham, of Greenwood, Leflore
"County, Mississippi

"I, J. D. Lanham, of Greenwood, Leflore County, Mississippi, being over the age of twenty-one years and of sound and disposing mind and memory, do hereby make, declare and publish this my Last Will and Testament, hereby revoking all prior wills and codicils heretofore made by me.

"Item I.

"I direct that all of my just debts, including funeral expenses and the expenses of my last illness, be paid as soon as practicable after my death.

"Item II.

"I hereby give, devise and bequeath unto my foster-son, Robert L. Howell, all of the property that I may own at the time of my death, real, personal and mixed, wheresoever located.

"Item III.

"I have made known to my said son my wishes as to certain charitable and benevolent gifts to be carried out by him in his sole discretion, and having implicit faith and confidence in him to do the right thing make no provisions relative thereto in this my Last Will and Testa-

ment, and I expressly direct that nothing contained in this paragraph shall in anywise be a charge against my estate or interfere with or hinder the full enjoyment of my estate by the said Robert L. Howell.

"Item IV.

"I further provide that the said Robert L. Howell shall have the absolute right pending the administration of my estate to manage and handle the property belonging to my estate in such manner as he in his judgment may determine. He may continue or dispose of by sale or otherwise without order from any Court any business in which I may be engaged or interested at the time of my death, and he shall have the unrestricted right and authority to sell and convey any and all property belonging to my estate, real, personal, or mixed, and on such terms and conditions as he may prescribe.

"Item V.

"I name and appoint my foster-son, Robert L. Howell, Executor of this my Last Will and Testament, and direct that no bond be required of him, and that so far as practicable he be relieved from accounting to any Court.

"Witness my signature on this the 22 day of February, A. D., 1946."

In construing a will, the intent of the testator controls, and, for this purpose, the language of the whole instrument governs. Cross v. O'Cavanaugh, 198 Miss. 137, 21 So. (2d) 473; Brumfield v. Englesing, 202 Miss. 62, 30 So. (2d) 514; Boxley v. Jackson, 191 Miss. 134, 2 So. (2d) 160. Effect should be given to the testator's intention. Howell v. Ott, 182 Miss. 252, 180 So. 52, 181 So. 740; Keeley v. Adams, 149 Miss. 201, 115 So. 344; Simpson v. Watkins, 162 Miss. 242, 139 So. 400. Besides a partial intestacy should be avoided, if a reasonable construction will allow. Vaiden v. Hawkins, 59 Miss. 406; Ball v. Phelan, 94 Miss. 293, 49 So. 956, 23 L. R. A., N. S., 895; Hale v. Neilson, 112 Miss. 291, 72 So. 1011; Whitaker v. Commercial National Bank, Etc., 179 Miss. 167, 174 So. 890; 57 Am. Jur. 754.

Item II of the will leaves all of the property of the testator to Robert L. Howell absolutely and unconditionally. Unless this bequest has been limited by other provisions, it must prevail. This brings us at once to a consideration of Item III, with particular reference to the precatory words used, and whether or not the testator thereby attempted to establish a trust.

Among the early decisions of this Court, in Lucas v. Lockhart, 10 Smedes & M. 466, it was said: "The absolute gift to her is complete with a specific purpose. Although the language of a will may make an absolute gift, yet if other appropriate expressions be used which show, with sufficient certainty, that but a qualified gift was intended, a court of equity will look to the clear intention of the testator, and raise a constructive trust when none has been expressly declared. *But the words of recommendation, or of hope used by the testator must be certain; first, as regards the objects to whom such terms are applied, and second, the subjects of property given must also be certain. The words are then considered imperative and create a trust.*" (Emphasis ours.) In other words, ▮▮ even though an unconditional devise is made, yet (a) if the precatory words are imperative, (b) if they are certain as to the subjects, and (c) if they are certain as to the objects, they have the effect of superimposing a trust upon an apparent unconditional bequest. By the same token, if such words are not imperative, if they are not certain as to the subjects, and if they are not certain as to the objects, they do not impair an absolute and unconditional bequest. This principle seems to be in accord with all modern authorities. Rector v. Alcorn, 88 Miss. 788, 41 So. 370; Courtenay v. Courtenay, 90 Miss. 181, 43 So. 68; Patterson v. Humphries, 101 Miss. 831, 58 So. 772; Ryals v. McPhail, 154 Miss. 295, 122 So. 493; Page on Wills, Vol. 3, Sections 1179-80; 54 Am. Jur. 65, 19 Am. Jur. 576, 577.

Do the words of Item III superimpose a trust on the absolute bequest of Item II? It is contended that the

expression, "I have made known to my said son my wishes as to certain charitable and benevolent gifts to be carried out by him" constitutes a positive direction to Howell. But, the testator does not say that he intends to establish a trust. He names neither a trustee nor any beneficiaries. He designates in trust neither property nor the value thereof. On the contrary, he leaves the matter "in the sole discretion" of Howell. Further, he "makes no provisions relative thereto" and says "I expressly direct that nothing contained in this paragraph shall in anywise be a charge against my estate", and even more, "or interfere with or hinder the full enjoyment of my estate by the said Robert L. Howell."

From a study of this language, it appears that the testator had evidently talked to his foster son about charitable and benevolent gifts. He said that his son knew his wishes about such matters, and that he had implicit faith and confidence in him to do the right thing. Obviously, this has reference to making gifts. If the son should make gifts, well and good. On the other hand, if he did not do so, again well and good. The whole matter was left solely to the discretion of the son, because there was no charge against the estate on account of charities and benevolencies. Besides, the testator expressly provided that his son was not to be interfered with or hindered in the full enjoyment of the estate.

The testator was a successful business man. He sought competent legal advice. Undoubtedly, he must have known what was necessary to create a trust. It would have been so easy to do. And yet, in his reference to charities and benevolencies, he did not mention even one object. It is clear that the precatory words of Item III concerning charitable and benevolent gifts were not imperative; they were not certain as to the subjects; they were not certain as to the objects or persons; and they did not constitute a trust which Howell was under obligation to carry out.

Item IV is not at variance with this conclusion. It simply recognized the necessity for an administration of the estate, whereby the assets could be collected, and the just and lawful debts, including inheritance taxes and other liabilities, could be paid and extinguished. Even during that time, by the provisions of the will, Howell was placed in absolute control, with the power to sell and do as he pleased with the property. His only limitation thereover was imposed by law, namely, the power of the court to see that the debts were paid. This idea is carried forward in Item V, in the appointment of Howell as executor, in the direction that no bond should be required of him, and that he was to be relieved of accounting to any court as far as practicable.

Affirmed.