FERGUSON, et al. *v.* MORGAN, EXRX., ETC.

March 8, 1954

No. 39085　　56 Adv. S. 10　　70 So. 2d 866

*Henley, Jones & Woodliff,* Jackson and Hazlehurst, for appellants R. A. J. Sessions and Mrs. Thelma A. Sessions.

*Maxwell Bramlette,* Woodville, for appellant John B. Ferguson.

*Clay B. Tucker,* Woodville, for appellees.

ROBERDS, P. J.

Mrs. Pearl W. Morgan departed this life April 12, 1952. She left a last will and testament dated March 21, 1951. At the time she executed this will and at the time of her demise she was the owner of a one-half undivided interest in what is called "the Whetstone Estate lands," comprising approximately 738 acres, and specifically described in the will. She devised her interest in said lands to her four grandchildren, who were the children of her deceased son, Ray Morgan, and to her living son, William Meade Morgan. That devise is in these words:

"I devise to the children of my deceased son, Ray Morgan, namely, Ray, Virginia, John Marvin and Patricia, all of my right, title and interest in and to the lands of the T. M. Whetstone Estate of which I may die seized

and possessed, except an undivided one-fifth (1/5) mineral rights and interest in and under said land, which I devise to my son, William Meade Morgan.''

Appellants are the owners of the interest in said lands devised to William Meade Morgan. They contend that this is a one-fifth interest in the minerals and mineral rights in said tract. Appellees own the interest of the other devisees. They contend that the interest devised to William Meade Morgan was a one-fifth of a one-half undivided interest in the minerals and mineral rights in said lands. In other words, appellants say they are the owners of a one-fifth mineral interest and appellees contend appellants are the owners only of a one-tenth interest in such minerals. The chancellor decided for appellees. That is the question presented to us on this appeal.

 It will be noted the will devises to the four children of Ray Morgan, deceased, all interest of the testatrix in said lands, ''except an undivided one-fifth (1/5) mineral rights and interest in and under said land, which I devise to my son, William Meade Morgan.'' The one-fifth interest, by the express words of this provision, applies to ''said lands.'' The lands are the Whetstone estate lands —the entire tract. Testatrix did not devise to William Meade Morgan a one-fifth interest in her undivided one-half interest. The intention of the testatrix is the guiding star. Simpson v. Watkins, 162 Miss. 242, 139 So. 400; Low v. First National Bank, 162 Miss. 53, 138 So. 586; Keeley v. Adams, 149 Miss. 201, 115 So. 344; Welch v. Welch, 147 Miss. 728, 113 So. 197; National Bank of Greece v. Savarika, 167 Miss. 571, 148 So. 649; Howell v. Ott, 182 Miss. 252, 180 So. 52; Cross v. O'Cavanagh, 198 Miss. 137, 21 So. 2d 473; Yeates v. Box, 198 Miss. 602, 22 So. 2d 411; Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195: Lanham v. Howell, 210 Miss. 383, 49 So. 2d 701, Cert. denied 342 U. S. 834; In re Raworth's Estate, 211 Miss. 780, 52 So. 2d 661. But the foregoing cases also announce these principles:

First, that the intention of the testatrix must be gathered from the will itself, considered in the light surrounding the testator.

Second, the question is not what testator wished to say, or intended to say, but what he did say.

Third, it is not the intention the testator had but failed to express, but the intention he did express.

Fourth, the question is not what he wished but what he said.

Fifth, this Court has no right, or power, to make change or enlarge upon a will for decedent. In other words, as stated in National Bank of Greece v. Savarika, supra, "Wills must be construed, and the intention of the testator found, not in what he intended to say, but what he did say. In his expression, and not in his silence, we seek his meaning, and when we exceed this rule, we make the will, and direct the way the bounty should be allied." Many similar quotations, announcing the foregoing principles, might be set out.

To hold as appellees contend we would have to change the phrase "except an undivided one-fifth (1/5) mineral rights and interest in and under said land * * *," and add to it, "in my one-half undivided interest in said land." It may be the testatrix intended to do that but she did not do it. She excepted, not a one-fifth of her one-half undivided interest, but she excepted and devised to William Meade Morgan, an undivided one-fifth interest "in and under said land," which land was the Whetstone Estate tract of land.

Appellees urge that the interest involved is in the form of an exception to the estate granted, and that the estate granted is a one-half undivided interest in the tract of land, and that, therefore, that which is excepted from the grant and conveyed to William Meade Morgan is a one-fifth of a one-half, or a one-tenth. Richardson v. Marqueze, 59 Miss. 80; 16 Am. Jur. p. 607, Sec. 298. The contention carries considerable force. However, the de-

vise does not say the exception is to be taken from the estate granted. It excepts a one-fifth undivided mineral interest ''in and under said land,'' and expressly conveys that interest to William Meade Morgan. Testatrix owned in the entire tract more than the one-fifth excepted and conveyed to William Meade Morgan.

Reversed and decree here vesting in appellants, in the proportion claimed by them, a one-fifth undivided mineral interest in the entire tract of land involved herein.

Reversed and decree here.

*Hall, Lee, Holmes* and *Ethridge, JJ.,* concur.

---

GILLESPIE, J., dissenting.

With deference I am constrained to dissent from the majority holding. The rules of construction set forth in the majority opinion are correctly stated. I disagree upon the application of these rules to the construction of the will under consideration.

In the exception from the devise made to the four grandchildren, the testatrix used the common words of reference, ''said lands.'' These words of reference were used to avoid repetition of the thing to which they referred, namely, ''all my right, title and interest in and to the lands of the Whetstone Estate.'' To hold that ''said lands'' referred to the lands of the Whetstone Estate in their entirety when the testatrix owned only a one-half interest therein is to completely ignore the limiting phrase, ''all of my right, title and interest in and to.'' The interpretation placed on the words of reference by the majority is to write out of the antecedent object a part thereof without any expressed intent of the testatrix so to do. The will as a whole must be considered to determine what the testatrix meant by the words of reference, ''said lands,'' and the whole context of the thing referred to must be considered. The testatrix

owned an undivided one-half interest in and to the lands of the Whetstone Estate and that is the thing, and the only thing, that she was proposing to dispose of by her will. In the devise to her four grandchildren, children of her deceased son, Ray Morgan, she described her one-half interest by using the commonly accepted method, to-wit: "All my right, title and interest," etc. In the same sentence, she excepted an undivided one-fifth of the minerals and in the same sentence devised the excepted one-fifth interest in said minerals to her son, William Meade Morgan.

The testatrix thereby devised to her son an undivided one-fifth of the minerals in and under the only lands she was disposing of, which was her one-half interest.

Numerous authorities have dealt with the meaning of words of reference. In 77 C. J. S., page 551, it is said:

"SAID: A relative, well-defined word, with a definite and well-understood meaning. It is a word of reference to what has already been spoken of or specified, and, as employed in various instruments and documents, it refers to some antecedent provision, person, or object; something which has been mentioned above in the document. If there is a question as to which of the antecedent things or propositions specified is referred to, it is generally held to refer to the last of such antecedent propositions or things or to the next antecedent. However, the word 'said' refers to the next antecedent only when the plain meaning requires it, and in every case the reference of the term is to be determined by the sense in which it is employed, and the rule will not be strictly applied where it would result in destroying or materially altering the intention expressed in the whole context of the language under consideration, and the word will be referred to the proper antecedent.

"In legal terminology, 'said' means aforementioned; aforesaid; already spoken of; before mentioned; previously mentioned or named."

The only antecedent object to which the reference words "said lands" referred to in the will was the undivided one-half interest. The aforesaid lands, or the lands already spoken of, or previously mentioned, or named, was the undivided one-half interest that the testatrix owned in and to the lands of the Whetstone Estate. In the case of Reynaud v. Bullock, et al., 196 So. 29, the Supreme Court of Louisiana had under consideration a reservation of minerals in a deed given by the plaintiff to another containing the following reservation clause: "It is, however, distinctly understood and agreed the vendor reserves unto himself, his heirs and assigns in perpetuity a one-sixteenth (1/16) royalty of all the oil, gas and minerals produced and saved from *said premises* and a royalty of twenty-five cents per ton for all salt and sulphur mined and marketed off said lands herein transferred * * *." (Emphasis added.)

Plaintiff, the grantor, owned an undivided one-half interest in the surface and minerals of a 58-acre tract of land described in, and conveyed by, the deed. In its opinion, the Louisiana Court held that the words of reference, "said premises," referred to the grantor's one-half interest in the 58-acre tract and that what the grantor reserved was a 1/32 of the whole, or a 1/16 of a one-half interest. Other clauses in the deed were considered and had some bearing upon the final determination of the case but the Court dealt specifically with the above quoted reservation clause and held that the grantor reserved a 1/16 of a one-half interest, or a 1/32 interest.

In the case of Baird v. Johnson, et al., 297 N. W. 315 (Iowa, 1941), there was involved the validity of the county court's order establishing a road under a statutory proceeding. In the first part of the order the road was described so as to have a width of 33 feet and the course of the road then followed. A subsequent section of the order referred to "said road." Against the contention of appellant that "said road" referred to the

statutory width of 66 feet, the court held that "said road" referred to the road first mentioned and described "including the words indicating the width of the road as 33 feet." In other words, the reference "said road" referred to the whole antecedent and not to a part only.

In the case of In re Helm's Estate, 45 Pac. 2d 250 (Cal., 1935), in construing a will, the Court said:

"Decedent specifically described certain property in her will, and claimed that it was her separate property. Then, after disposing of certain parcels thereof, she gave the residue of her 'said property' to appellant. The word 'said' has a definite and well-understood meaning. It relates only to that which is 'beforementioned.' " Citing numerous cases.

For further authority as to the meaning of words of reference similar to those used by the testatrix, see In re Rycke's Will, 91 N. Y. S. 159; State v. Skeggs, 46 So. 268 (Ala.), and Greely National Bank v. Wolf, 4 F. 2d 67 (Eighth Circuit).

Bouvier's Law Dictionary defines "said" as "before-mentioned. In contracts and pleadings it is usual and proper, when it is desired to speak of a person or thing before mentioned, to designate them by the term *said* or *aforesaid*, or by some similar term; otherwise the latter description will be ill for want of certainty."

Black's Law Dictionary defines "said" as "before mentioned. This word is constantly used in contracts, pleadings, and other legal papers, with the same force as 'aforesaid.' "

Webster's New International Dictionary defines "said" as an adjective meaning "before-mentioned; already spoken of;—used chiefly in legal style." See also cases listed in 38 Words and Phrases, page 25, et seq.

Applying the principle announced in the foregoing authorities to the will under consideration, and substituting the antecedent object for the words of reference used in the exception, the following language is the re-

sult: I devise to the children of my deceased son, Ray Morgan, namely, Ray, Virginia, John Marvin and Patricia, all of my right, title and interest in and to the lands of the T. M. Whetstone Estate of which I may die seized and possessed, except an undivided one-fifth (1/5) mineral rights and interest in and under *all of my right, title and interest in and to the lands of the Whetstone Estate of which I may die seized and possessed,* which I devise to my son, William Meade Morgan.

It will thus appear that the meaning of the testatrix is clear and unmistakable. She intended to say, and did in fact say, that she excepted an undivided one-fifth of her one-half mineral rights and interest in and under the lands of the Whetstone Estate.

The use of the reference words "said lands," "said premises," "lands aforesaid," and "aforedescribed lands" and similar reference words are used daily in countless documents and legal papers. The use of words of reference is necessary to avoid needless repetition. Their use effects economy in time and space in the preparation of documents and legal papers. I know of no case in the books where similar words of reference have been held to mean anything other than the antecedent object to which they logically refer.

The chancellor correctly decided the case and, in my opinion, the case should be affirmed.

*McGehee, C. J.,* and *Kyle* and *Arrington, JJ.,* join in this dissent.