JUSTINE COURTENAY *v.* MAY A. COURTENAY ET AL.
[43 South. Rep., 68.]

WILLS. *Interest given.  Trusts.  Precatory words.*

A will devising to the wife of the testator all of his property, the proceeds to be appropriated to the payment of his debts and the support of herself and his children, invests a perfect title in the wife after the youngest child reaches majority, the precatory words not creating a trust, although the devise was followed by a request that the real estate should not be sold or mortgaged during the minority of any one of the children, coupled with a recital that after such time she should be at liberty to make whatever disposition of the property she might deem proper for the use and benefit of the children.

FROM the chancery court of Harrison county.

HON. THADDEUS A. WOOD, Chancellor.

Justine Courtenay, appellant and cross-appellee, was complainant and cross-defendant in the court below; May Courtenay and others, appellees and cross-appellants, were defendants and cross-complainants there. From a decree in favor of the cross-complainants, granting only in part the relief sought by

the cross-bills, complainant appealed, and cross-complainants prosecuted a cross-appeal, to the supreme court.

In 1886, one C. Courtenay, a resident citizen of Harrison county, died leaving considerable estate consisting chiefly of a mercantile business and certain lands, in Harrison county. His widow, Justine Courtenay, and seven infant children survived him.　He left a last will and testament, which was as follows:

"This is my last Will and Testament.　In which I will and bequeath to my wife, Justine Courtenay, all my worldly goods both real and personal.　The proceeds of which to be appropriated for her support and that of my children and the payment of my debts if any.　It is my desire that all claims against my estate shall be amicably settled without recourse to law.

"And it is my further request that no sale or mortgage be made of any of my real estate during the minority of any of my children.　After which time my wife will be at liberty to make such disposition of the property here bequeathed as she may deem proper for the use and benefit of my children.

"And I request that my son Victor Courtenay will continue the management of my business under the direction of his mother without salary during his minority.

"In testimony whereof I have hereunto set my hand at Pass Christian, State of Mississippi, Harrison County, on this the 30th December, A. D., 1885.

"C. COURTENAY."

"Witness:
　　F. B. HIERN.
　　N. H. HEWES."

In 1905, Justine Courtenay, the widow, filed a bill in the chancery court wherein she alleged that the will had been duly probated and letters of administration, with the will annexed, issued to her in 1886; that the estate had been duly admin-

istered, all debts due by the estate paid, all monies owing to the estate collected, and that all of the children of the testator had become of age, and the bill prayed for complainant's discharge as administratrix, for a construction of the will and for a decree quieting and confirming in her, under the terms of the will, the title to all of the real and personal estate of the said decedent. The six surviving children of the testator and petitioner, and May A. Courtenay, the widow of a deceased son of testator, together with her three infant children, were made defendants. May A. Courtenay for herself and her children, as representatives of testator's deceased son, filed an answer, making the same a cross-bill, admitting the allegations of fact in complainant's bill, but contending that under the will the testator's widow, Justine Courtenay, did not take a fee simple title to the land and personalty of the testator, but that the will created a testamentary trust which was to terminate when the youngest of the testator's children became of age, and that the land was then to be sold, and the proceeds, together with what remained of the personalty, should be divided among the heirs of the testator. The cross-bill charged that the estate had been negligently managed, and that Justine Courtenay, the complainant, had failed to account for the money and property which she had received of the estate while in charge of the same as administratrix and testamentary trustee; and prayed that the will be construed to constitute a testamentary trust, and for an accounting upon the part of Justine Courtenay and a division of the property. Azoline Saucier, a married daughter of the testator and complainant, filed similar answer and cross-bill. The other children of the testator and complainant merely filed an answer to the bill, and also answered the cross-bill of May A. Courtenay and Azoline Saucier, admitting the allegations and conclusions of law of the complainant, Justine Courtenay, and declining to set up any claim to the property. The answer of the complainant, Justine Courtenay, to the cross-bills of May A. Courtenay and Azoline Saucier denied the

legal conclusions set up therein, and denied any mismanagement of the estate, and further denied that the cross-complainants had any interest whatever in the estate.

On the hearing the court below decreed that the will created a testamentary trust, that under its provisions it was the duty of Justine Courtenay, the complainant, to have divided all of the personal property coming into her hands when the youngest child became of age, and that the widow and children of the testator were each the owner, after the majority of the youngest child of the testator, of an undivided eighth interest in the land, and that an accounting should be had before a commissioner, appointed for that purpose, to ascertain the value of the estate.    From this decree the complainant, Justine Courtenay, appealed, to settle the principles of the cause; and because the decree failed to order a sale of the lands and a distribution of the proceeds among the children and grandchildren of the testator, the cross-complainants, May A. Courtenay, and her three children, and Azoline Saucier, prosecuted a cross-appeal.

*W. G. Evans,* and *T. M. Evans,* for appellant and cross-appellee.

The first paragraph of the will shows that the testator devised, in fee simple, all of his property to his wife to be appropriated for the support of herself and his children.    The will further contains the request that no sale or mortgage of any of the real estate be made during the minority of the testator's children.    But after the children had arrived at maturity, the widow, Justine Courtenay, was to have the right to make such disposition of the property of the estate as should seem to her proper for the use and benefit of the children.

The first paragraph of the will places the legal title of the testator's property, real and personal, in his widow.    After such disposition by the testator of his property the subsequent clauses of his will are mere requests.    Accordingly at the death

of Courtenay, his widow became vested with a fee simple title to the lands of his estate. As regards the clauses as to not mortgaging the same, the testator merely inserted these wishes in the will not to be binding absolutely upon her, but as advice .to her and to prevent the lands from being wasted before the youngest son should be of age.

This is evident, for in the same paragraph of the will the testator states that after the youngest child should become adult, the widow might make such disposition of the property as should seem to her proper. Testator's purpose was to throw around the management of the property willed to his widow, such safeguards as would best preserve it and prevent it from going into the hands of strangers. The testator evidently considered that after his widow had reared and educated the children, she should have all of his property and that as the mother of the children she would let the property at her death go by descent to the children.

The disposition of the property was left by the will to the sound discretion of the widow with the right to dispose of it as she should deem proper.

The words, "for the use and benefit of my children" do not create a trust of any kind, for they must be taken in connection with the words, "she may dispose of the property as she may deem proper." Can it be held, after the legal title to the property has been placed in her and the will authorizes her to dispose of it as she may deem proper, that she has not the power to give one of the children a greater share therein than another ?

The gist of the matter is that under the will Mrs. Courtenay was to have the full legal title, to all property, both real and personal, and when the youngest child should become adult she should have the right then to dispose of the property in any way deemed advisable.

The testator's request has now been followed; all seven of the children have been maintained and educated, the youngest has

passed the age of maturity. The desire of the testator as to the maintenance and education of his children has been carried out by his widow; and for these children, or any of them, to contend that the will carries a trust, expressed or implied, and that it is the duty of the widow to sell and divide the personal and real property, whether she may deem it proper or not to do so, cannot be upheld by any true construction of the will.

That the will conveyed the title of the property, real and personal, to the widow, Justine Courtenay, is of course beyond dispute, and that she had the right to dispose of the property is also beyond dispute. As a sequence she was given a fee simple title. Rood on Wills, secs. 530, 531, 536, 537; *Bradley* v. *Carnes,* 94 Tenn., 27, 45 Am. St. Rep., 696; *Stowell* v. *Hastings,* 59 Am. Rep., 748; *Roberts* v. *Lewis* (U.S.), 38 L. Ed., 750; *Mansfield* v. *Shelton,* 67 Conn., 390, 52 St. Rep., 285.

It is clear that Justine Courtenay took the property, charged first with the payment of the debts of the deceased; second, with the support and education of the children during their minority. There is a vital distinction between a charge against an estate and an estate in trust. A legatee receiving a legacy with a charge assumes the charge, and Justine Courtenay, the widow, was in this case charged with the payment of the debts of the testator and with the education and maintenance of the children during minority. But if the estate was a trust then she was charged only with the execution or fulfilment of the trust. And if a trust, she was obliged to account for every dollar expended or received. The cross-complainants, appellees and cross-appellants, are claiming under the will and not as heirs at law. They do not claim that the will is void, or that the title passed to them as heirs; nor do they claim that the widow, Justine Courtenay, has failed to pay the debts of the estate or failed to maintain and support any of the children of the testator during minority. As they claim solely under the

will it is obligatory for the appellees and cross-appellants to show that there was a specific interest ascertainable under the will as to which they have legal right to institute proceedings.

We see no reason for discussing any of the issues contended for by the cross-appellants, for if the widow, Justine Courtenay, owns the property of the estate absolutely, as we have above contended, it is evident that the appellees and cross-appellants have no standing in court.

*Ford & White,* for appellees and cross-appellants.

In the construction of wills the courts look to the whole instrument. *Leigh* v. *Harrison,* 69 Miss., 923, 11 South., 604; *Watson* v. *Blackwood,* 50 Miss., 15. The plain provisions of a will must be executed as written. *Elliott* v. *Topp,* 63 Miss., 138. In the construction of wills the principle of lineal representation is accepted as an implied basis of distribution, except so far as a purpose to set it aside is clearly expressed. *Edgeley* v. *Baker,* 29 L. R .A., 328. Where the meaning of a devise is uncertain, the law will adhere as closely as possible to the general rules of inheritance, and whosoever claims against the law of descent must show a satisfactory written title. *Miles* v. *Elliott,* 26 Pa. Sup., 443; Am. Dig., 1905, p. 4419.

Under the above rules there should be little difficulty in arriving at the real intent and purpose of the testator. It will be seen by the record that at the time of the execution of the will the testator owned a considerable estate consisting of realty and also a mercantile business. He had a wife and seven infant children at the time. He evidently believed that by holding the real estate, freed from mortgages, it would produce a sufficient income to support the family during the minority of the children. The will shows that he intended to create a trust to continue during the minority of the children, inasmuch as the will directs the profits of the property to be used for the support of the wife and children. In conferring the power upon his wife to dispose of the property, after all the children

should arrive at age, nothing would have been easier, had he intended to give all the property to his wife, than for the will to have recited that she should retain the proceeds absolutely, or during life, or for any other term that he might have contemplated. He, however, only authorized a sale after the children should have become of age, and then only as should seem to his wife to be best for the use and benefit of the children. To construe the will literally as written would result in a holding by the court that the widow after the arrival of the youngest child at twenty-one years of age had no interest in the property at all. We have insisted upon no such unnatural construction however, for it is manifest that the testator intended his wife to be one of the beneficaries of his estate together with his children.

We insist that the purpose of the testator, as shown in the will, was to create a testamentary trust of this property whereby during the minority of his children his wife should have control of it and should make such use as in her judgment might seem best for their maintenance, education and support; it was the testator's further intention that after the maturity of the youngest child a division should be made among the beneficiaries under the will, that is, his wife and children. And in order that there might be no sacrifice of the property a discretion was vested in the widow as to the method and time of selling the property. This, however, of course had no effect to destroy the whole purpose for which the title was vested in the wife, namely, that the property might be disposed of "for the use and benefit of the children." There was evidently no intent on the part of the testator to vest in each child an equal share of the estate at the time of the testator's death, but he wisely left to his wife the matter of expenditure to be made in behalf of each child when the youngest child should have become of age. This is clearly a case of what is commonly denominated an equitable conversion, that is, that the testator had not intended to devise the lands to his children but merely contem-

plated a sale of the lands when the youngest should be of age, and a division of the proceeds of sale among the children.

In the creation of a trust no particular form of words is necessary. Equity will ascertain the intention of the party and if there be an intent to make a trust the same will be upheld by the court if equitable. *Colton* v. *Colton,* 127 U. S., p. 300 (L. Ed. Book 32, p. 143); Underhill on Wills, 2 vol., p. 1111; *Hunter* v. *Hunter,* 79 Am. State Rep., 845; *Lucas* v. *Lockhard,* 10 S. & M., 467; *Beyer* v. *LeFevrem,* 186 U. S., p. 122 (L. Ed. Book 46, p. 1083); *Adams* v. *Cowan,* 177 U. S., 477 (L. Ed. Book 44, p. 53).

The whole case of the appellant and cross-appellee is based upon the decision of *Wallace* v. *Dold,* 3 Leigh, 258, and a number of Virginia cases following it, ending with the case of *Tyak* v. *Berkley,* 93 Am. St. Rep., p. 963. Aside from the fact that these Virginia cases all rest upon a state of facts so essentially different from the facts in this case as to have absolutely no application, the most, if not all or quite all of them arose during a time the property was held in trust by the devisee and before the time for a sale had been reached a similar situation which would have arisen in this case had one of these heirs applied for a division of this property before the youngest child became of age—and the court held that the trustee held for the benefit of all, and that no particular interest was vested in any one, a proposition which is not presented in this case at all. But in the later case of *Fitzpatrick* v. *Fitzpatrick,* reported in the 93 Am. State Rep., 976, the Virginia court practically abandons the rule announced in the older cases and holds that the construction that a wife would take an entire estate where it was devised to her for the benefit of herself and children, would only be maintained where the language of the entire instrument showed that to be the intention of the testator. This is exactly the construction that we are contending for, that is that this will is not to be interpreted by any isolated expression in it, but the court looks to the entire

will and determines from an inspection of the entire instrument what the intention of testator was, and we respectfully insist that taking this will altogether that it established a plain and unequivocal testamentary trust, terminating when the youngest of the children should arrive at the age of twenty-one years.

We concede that Courtenay never intended to devise the land to his children, but simply the proceeds of the land. It was unquestionably his purpose to vest the title in his widow in trust for herself and the children during their infancy, leaving to her the question as to the proper amount to be expended during that period in the education and maintenance of each. But when the youngest child became of age, the holding together of the property being no longer necessary for the support of the family, he directed a sale, for *"care"* and *"benefit"* of the children, showing that they were the real objects of his bounty. He left to her a discretion as to the best method of converting the land into money, but the children were at least to enjoy the results of a sale along with the widow. This creates a clear case of equitable conversion. This doctrine is a principle of equity which regards that as done which ought to have been done, and will treat money as land, or land as money as the case may be. *Hardee* v. *Cheatham,* 52 Miss., 46; 2 Underhill on Wills, 955. A discretion as to the time when the sale is to be made does not alter the rule. 2 Underhill on Wills, 959. Where it is impossible to carry out the provisions of a will without a sale of the property a case of equitable conversion arises. *Fahnesstock* v. *Fahnesstock,* 34 Am. St. Rep., 628; see also 5 Am. State Rep., 141, 148. It is impossible that these children can ever acquire any "benefit" or be cared for while this land is held by the executrix under an assertion of a claim in fee.

As to the time when this conversion occurred, by the terms of the will it arose when the youngest child became of age. *In re Walkerly,* 49 Am. St. Rep., p. 97.

*Jno. J. Curtis,* on the same side.

The principle point to be determined in this case is, whether under the will a trust was created, and whether an equitable conversion of the real estate was intended by the testator, the same to take effect at a specified time in behalf of the widow and children.  If there was a trust it is also of vital concern to determine whether the widow can conscientiously and impartially continue to execute the trust, inasmuch as she has assumed an antagonistic position in reference to the trust, after an administration of the estate covering several years.

To determine these two points one must look to the will. The reading of the will definitely shows that the testator intended to provide for the support and maintenance of his children during their minority and until the youngest child should arrive at the age of twenty-one years; and that the widow should also be provided for.   To accomplish such ends he provided that his mercantile business should be continued by his widow after his death and that his real estate should be kept free from incumbrances, so that the profits from the mercantile business and the rents and revenues from his lands, should be applied towards the support of his widow and children.   In other words, the testator devised all his property to his wife in trust for the use and benefit of herself and her children during their minority and until the youngest child should become twenty-one years of age, during which term the widow was to receive an income from the mercantile business and lands for the use not only of herself but of her children also.

If the testator intended to devise all of his property to his wife alone, he could and would have concluded his will after the words "I will and bequeath to my wife all my worldly goods both real and personal."   This would have been sufficient to vest in her a title in fee simple, and all the provision made in behalf of the children would and could have been entirely omitted; or if he intended to accomplish this and trusting to his wife's natural affection to provide for the children, it would

not have been necessary nor would he have made any positive provision for their support during their minority in the language used, namely, "the proceeds of which is to be appropriated for her support and that of my children"; or that the real estate should not be mortgaged or sold until the youngest child was twenty-one years of age, which clause reads as follows, "and it is my further request that no sale or mortgage be made of any of my real estate during the minority of any of my children."

The concluding clause as to the real estate, namely, "after which time my wife will be at liberty to make such disposition of the property here bequeathed as she may deem proper for the use and benefit of my children," clearly negatives any claim that the fee was devised to the wife. The most the appellant and cross-appellee could possibly claim under the will would be a life estate, subject to termination by a sale of the real estate. The clause last quoted, however, and the preceding clause of the will, show clearly and unmistakably that the testator did not intend to vest in his widow an estate even for life; for certainly he did not contemplate that his widow should retain the real estate and receive and apply the revenue therefrom to the support of her chldren during her lifetime after these children had passed the age of majority.

It is manifest that the testator intended that his business should be continued by his wife; and that he cherished the hope that it would be successfully conducted and that the profits of the mercantile business and the rents from the real estate should be applied to the support of the widow and children during their minority and until the youngest child should be twenty-one years of age.

The finding of the lower court was correct, and the decree should be affirmed save only as to the failure of the court to decree that the real estate should be sold and its value thereby ascertained, and the equitable conversion concluded. And because of the antagonistic position assumed by the testamentary

trustee, after several years of administration of the trust, thereby incapacitating herself from further executing the trust, a commissioner should be appointed to act in her stead by the court. On account of the failure of the court below to decree to this end, the cross-appeal in this case was prosecuted.

MAYES, J., delivered the opinion of the court.

So well settled are the principles governing the construction of wills that we deem it unnecessary to enter upon any discussion of this subject. The question is, what was the intention of the testator in the will offered for construction? There was, undoubtedly, a trust created by the will of the testator in the property devised to Justine Courtenay; but it was limited as to the time in which it should exist, and definite in the purposes it was intended to accomplish. The trust expired after the children had reached their majority, and the purpose of the trust was to apply the proceeds of the property to the support of Mrs. Courtenay and her children and additionally the payment of debts. It is also certain that the testator intended that there should be no sale or mortgage of any of the real estate during the minority of the children. After this had been accomplished the property then became absolutely the property of Justine Courtenay. The will provides that all the property, both real and personal, shall be bequeathed to the wife of the testator, Justine Courtenay. It then provides that the proceeds shall be appropriated to the support of her and her children and the payment of the testator's debts. It then provides that there shall be no sale or mortgage of any of the real estate during the minority of the testator's children, concluding in the following language: "After which time, my wife shall be at liberty to make such disposition of the property here bequeathed as she may deem proper for the use and benefit of my children." It will thus be seen that, after the children should have attained their majority and the trust imposed should have been accomplished, no further re-

striction was placed upon the power of the wife to dispose of the property as she might deem proper for the use and benefit of the children.  By this language no obligation was imposed upon Mrs. Courtenay to sell or dispose of any of the property for the benefit of the children; but she might have done so if she deemed it proper.  It is not every precatory expression contained in a will which creates a trust; but it is only such expression in the will as clearly shows the testator intended should govern the conduct of the party to whom it is addressed. It is manifest, upon reading this will, that it was not the intention of the testator that this expression should control and govern the conduct of Mrs. Courtenay with reference to what she should do with the property after the children had attained their majority; but it was simply meant to give her the power, in her discretion, if she deemed proper, to help her children. It lifted the restriction which theretofore had been imposed upon her, prohibiting a sale or mortgage of the property, and gave her the power, if she saw fit, to sell or dispose of the property for the benefit of the children.  But an absolute title became vested in her after the children became of age.

A lengthy discussion on this subject will be found in *Harrison* v. *Harrison's Admr.* (Va.), 44 Am. Dec., 372, note.  In *Foose* v. *Whitmore* (N. Y.), 37 Am. Rep., 573, citing the case of *Bernard* v. *Minshull,* Johns., Ch. 276, and in *Howarth* v. *Duell,* 6 Jur. (N. S.), 1360, it was held: "A devise by a testator of all the residue of his property, real and personal, to his wife, with power to dispose of the same among all his. children in her discretion," was held to be an absolute gift to the wife.  In the case of *Hutchinson* v. *Tenant,* L. R. 8 Ch. Div. 540, where a testator gave all his property to his wife "absolutely, with full power for her to dispose of the same for the benefit of my family, having full confidence she will do so," it was held that the widow took absolutely.  In *Post* v. *Moore* (N. Y.), 73 N. E. 482, 106 Am. St. Rep., 508, in note, will be found a lengthy discussion drawing the distinction between prec-

atory and discretionary trusts, citing many cases. In *Boyle* v. *Boyle* (Pa.), 25 Atl., 494, 34 Am. St. Rep., 629, where a will provided as follows: "I give and bequeath to my wife all my property, real and personal, for her support during her natural lifetime. Any remainder at her decease to be disposed of by her as she may think just and right among my children"—it was held under this will that the wife took a fee in the property, with the power to sell and devise same. The court stated in this case that the intention of a testator to create a trust must be apparent upon the face of the will. In this case there are many cases cited illustrative of the case under consideration. In *Collister* v. *Fassitt* (N. Y.), 57 N. E., 490, 79 Am. St. Rep., 586, in the opinion of the court, on p. 590 of 79 Am. St. Rep., will be found a citation of many cases sustaining our view of the construction given to this will. Thus, in the case of *Clarke* v. *Leupp,* 88 N. Y., 228, the testator gave all his property to his wife, closing with the words: "And do appoint my wife my true and lawful attorney and sole administratrix of this my will, to take charge of my property after my death, and to retain or dispose of the same for the benefit of herself and children." It was held that the widow took an absolute title and that the succeeding words did not limit the gift. To the same effect is the case of *Lawrence* v. *Cooke,* 104 N. Y., 632, 11 N. E. 144.

There is nothing in this will which indicates any purpose on the part of the testator that his wife and children should inherit the property in equal proportions after all of his children should attain their majority, and we think the decree of the chancellor in so holding was entirely without warrant in the will. There was no trust imposed upon Mrs. Courtenay with regard to this property which was left her after the youngest child became of age, and the property then became absolutely vested in her, and she has the right to dispose of it in any way she may deem proper, without restraint or interference from any one. The record showing that the youngest child is

twenty-one years of age, she had a right to wind up her trust and take charge of the property now remaining as her own.

*We think that the decree of the chancellor should be reversed on direct appeal affirmed on cross-appeal, and the cross-bills dismissed, and a decree entered here declaring this property to be the property of Justine Courtenay.*