RYALS *et al. v.* McPHAIL.

(Division A. May 27, 1929.)

[122 So. 493. No. 27954.]

*Jas. F. Noble* and *P. Z.* and *R. L. Jones,* all of Brook-haven, for appellants.

*Cassedy, Cohn & Sauls,* of Brookhaven, for appellee.

W. P. *Cassedy*, of Brookhaven, for appellees.

COOK, J., delivered the opinion of the court.

This is an appeal from a decree of the chancery court of Lincoln county construing the last will and testament of Simon R. Robbins, and also that of his wife, Sarah E. Robbins, both now deceased. These wills were both executed on the 14th day of February, 1901, and attested by the same witnesses, and the will of Mrs. Robbins, who was the first of the two to die, contains the following provisions:

"I give, devise and bequeath unto my husband, Simon R. Robbins, all and singular my real and personal property where ever situated and of what ever kind or chattel that I may die possessed of, or any such property in expectancy or in which I may have any equitable interest, in fee simple to him, my said husband, to do with as seemeth to him best, and if in the Providence of God, I should die before my said husband, I desire that he should remember and provide at his death for my children, Mansen Lafayette Rials, Mary E. McInnis, and Lucy E. Ham. In the event that I shall survive my said husband my will is that my children above named shall

take all said property I die possessed of in equal parts, share and share alike."

The will of Simon R. Robbins devised and bequeathed all of his property to his wife, Mrs. Sarah E. Robbins; the provisions of the will in this regard being as follows:

"I give, devise and bequeath unto my wife Sarah E. Robbins all and singular my real and personal property where ever situated, and of whatever kind or chattels, that I may die possessed of, to have and to hold in fee simple, and to do with as seemeth to her best; and if in the Providence of God I should die before my wife, I desire and will that she my wife, make provision that at her death the said property herein willed to her, or what shall thereof shall go in equal parts to her children, to-wit: Mansen Lafayette Rials, Mary E. McInnis and Lucy E. Ham."

The appellants herein are the children of Mrs. Sarah E. Robbins by a former marriage, while the appellees are the brothers and sisters of Simon R. Robbins. The record discloses that the former husband of Mrs. Robbins was the owner at the time of his death of a tract of land located in Lawrence and Marion counties. After her marriage to Robins this land was sold, and with the proceeds of this sale other property was purchased in Copiah county, and afterwards this property was sold and the proceeds invested in property located in Lincoln county, where both the decedents lived at the time of their death. Before the death of Robbins and his wife, they converted their Lincoln county property into money, and at the death of the survivor, there remained in the proceeds of their common estate about fifteen hundred dollars then on deposit to the credit of the said Simon R. Robbins. Mrs. Robbins died on the 21st day of November, 1925, while Simmon R. Robbins died on March 14, 1928.

It is the contention of the appellees that these wills should be construed together to clearly arrive at the in-

tention of the testator and testatrix, and that so construed it is clear that it was the intention of the makers that the survivor should take a life estate in the property with the remainder to the children of Mrs. Robbins, and that, upon the death of Mrs. Robbins, her husband took the property bequeathed to him, charged with a precatory trust in favor of her children. We do not think her will is susceptible of this construction. The language of the will of Mrs. Robbins is clear and unambiguous, and devises and bequeaths to her husband an absolute fee-simple title to all her property "to do with as seemeth to him best," and merely expressed the desire that he should, at his death, remember and make some provision for her children. What provisions should be made, if any, is clearly left to the choice and discretion of her husband, and the property to which any supposed trust would attach is not certain and definite. To construe the words of recommendation or hope used by the testatrix as creating a trust would nullify the prior dispositions of the will which import absolute and uncontrollable ownership. This being true, a trust in favor of her children was not created. *Lucas* v. *Lockhart*, 10 Smedes & M. 466, 48 Am. Dec. 766; *Courtenay* v. *Courtenay*, 90 Miss. 181, 43 So. 68; *Pembroke Academy Trustees* v. *Epsome School Dist.*, 75 N. H. 408, 74 A. 100, 37 L. R. A. (N. S.) 646.

Under the will of Simon R. Robbins his wife, Sarah E. Robbins, was the sole devisee and legatee. She died more than two years before her husband, and during that period he made no further provisions with reference to the disposition of his property, consequently the lapsed legacy descended to the heirs at law of the said Simon R. Robbins, the appellees herein. *Marx* v. *Hale*, 131 Miss. 290, 95 So. 441. The court below so construed the wills, and therefore the decree entered will be affirmed.

*Affirmed.*