GILLESPIE, Presiding Justice
(dissenting):
I respectfully dissent.
The question is whether the testator’s grandchildren, born and unborn, possess a vested interest in the estate of the deceased. In my opinion the two compelling reasons that they do not are that (1) the testator stated regarding the attached plan of trust that “ * * * I recommend it as a guide,” and such being precatory words, is not mandatory, and (2) the subjects of the supposed gifts to the grandchildren are not certain and there is no provision in the will from which it may be ascertained what is intended to be given to the grandchildren under paragraph 23 of the recommended trust.
It is not contended that the words in the will itself, when considered alone, are sufficient to vest an estate in the grandchildren. It is maintained, however, that paragraph 23 of the recommended trust plan is that which vests the estate in the grandchildren. In my opinion it is manifest that the attached plan of trust was no more than a recommendation, and even if the words of paragraph 23 were sufficient— which they are not — as to the subject matter of the gifts to be given the grandchildren, the provision is not mandatory.
It is immaterial that a trust was imposed or was attempted in which the testator’s wife and children were beneficiaries since the question in the instant case is whether a trust was established in which the testator’s grandchildren, born and unborn, are to be beneficiaries. Precatory words are words of request, recommendation, suggestion or expectation. The most common interpretative problem posed is whether phraseology of this kind indicates an intention to impose upon one to whom it is directed a trust with respect to the property involved. 57 Am.Jur. Wills § 1180 (1948).
Page, in his learned treatise enunciated, in regard to precatory words the following:
Typical words are “desire”, “wish”, “hope”, “request”, “suggest”, “recommend”, “advise” * * *. In determining whether these words create a trust or not the intention of testator is always to be sought, an intention which is especially difficult to ascertain because the testator often does not know exactly what sort of an estate he wishes to create.
Whether words which, at first glance, appear to be words of advice, desire, and the like create a trust or not is a question determined by the language of the will. Is the testator really giving advice, expressing his wishes and the like, on the one hand, or on the other hand is he stating in a mild and polite form, his will as to the disposition of the property which he is giving? Does he mean to impose upon the devisee or legatee more than a *784 moral obligation to deal with the property for the benefit of another person, or does he mean to impose a legal duty or trust to do so? (5 Bowe-Parker, Page on Wills §40.5 (1962)).
The case of Ryals v. McPhail, 154 Miss. 295, 122 So. 493 (1929) involved the will of a wife who provided therein that if she should predecease her husband she desired that he should remember and “provide” for her children. In the lower court it was contended that the will should be construed so as to charge the husband with a precatory trust in favor of the children of the wife. However, the court disapproved of that construction and held that the will merely expressed a desire that the husband should make some provision for her children. The provision to be made, if any, was left to the choice and discretion of the husband since the property to which any supposed trust would attach was not certain or definite. The court said in part as follows:
* * * To construe the words of recommendation or hope used by the testatrix as creating a trust would nullify the prior dispositions of the will which import absolute and uncontrollable ownership. This being true, a trust in favor of her children was not created. Lucas v. Lockhart, 10 Smedes & M. 466, 48 Am. Dec. 766; Courtenay v. Courtenay, 90 Miss. 181, 43 So. 68; Pembroke Academy Trustees v. Epson School District, 75 N.H. 408, 75 A. 100 * * *. (122 So. at 494) (Emphasis added)
The Ryals case appears to settle the issue in the instant case contrary to the holding of the majority.
The reluctance of the courts to give prec-atory expressions the force of commands is manifested by the fact that the instances in which, so far as the intended results, a trust has been held to exist are decidedly outnumbered by the cases in which it has been held that no trust was created. 57 Am. Jur., Precatory Words, § 1180 (1948).
At 1 Scott on Trusts (3rd Ed.1967) § 25.2, it is stated:
* * * [T]he tide has turned and is running strong against precatory trusts.
******
Where a testator uses language expressive of desire rather than of command, the question in each case is whether he intended to impose a legal duty upon the legatee to carry out the desired purpose, or whether he intended to leave the legatee free to carry it out or not as he should choose, even though the testator hoped that he would carry it out. In each case, in reaching is determination the court will examine the whole of the will, and examine it in light of all the circumstances * * *.
******
Since in every case where a testator uses precatory language, it is a question of interpretation of the language used in the light of all the circumstances, and since each will differs from every other will, the decisions are of importance only in showing how somewhat similar situations have been dealt with by the courts. There are numerous cases in which the courts have held that in spite of the prec-atory language used, the testator intended to create a trust. Still more numerous are the cases in which the courts have held that because of the precatory language used, the testator did not intend to create a trust. (1 Scott on Trusts at 206-210).
The crucial test in construction of prec-atory words is whether the wish, desire or recommendation expressed by the testator is meant to govern the conduct of the one to whom it is addressed, or whether it is merely an indication of that which the testator thinks would be a reasonable exercise of the discretion of such person, leaving it, however, to that person to exercise his own' discretion. In other words, it must appear that the precatory words were used in an imperative sense, to the exclusion of any option of the devisee, legatee, or donee as to *785 whether or not the expressed wish shall he given effect. More succinctly, the test is whether an intent to create a trust is sufficiently manifested. 54 Am.Jur., Trusts § 56 (1948) ; 107 A.L.R. 896 “Precatory Trusts (1937); 96 C.J.S. Wills § 1011 (1957); 1 Bowe-Parker: Page on Wills, § 519 (1960); Thompson, The Law of Wills § 419.
Not only is the intention of the testator the pole star of construction, but further, in construing precatory words the rule in the United States today by the great weight of authority is that precatory words will be construed as words of command only if it is clear that the testator intended to impose a legal implication upon the legatee to make the desired disposition. 4 Bowe-Parker: Page on Wills § 30.22 (Supp.1967-68); Young v. Exum, 94 R.I. 143, 179 A.2d 107 (1962), re-argument denied, 94 R.I. 143, 179 A.2d 490 (1962).
The will of Sam Broadhead, together with the recommended trust agreement specifies only the wife and children as beneficiaries and it fails to contain prec-atory words of the kind that can be construed as a command. Rather than the intention of the testator being clear as to the imposition of a legal obligation upon the children, the intention of the testator through these words seems to cut the other way. It is clear that the testator devised the remaining half of his property in equal shares to his five children in trust so that they shall have its income and its benefits.
Paragraph four of the recommended trust instrument reads as follows:
The beneficiaries of this trust are the wife and children of Sam Broadhead, his wife shall be and is a beneficiary to one-half the’trust and each of the several children is beneficiary of equal share in the remaining one-half, the names of the beneficiaries being as follows, — “Virdie M. Broadhead, S. Norris Broadhead, Dolly Carlene Broadhead, Paul E. Broad-head, Annette Broadhead Farmer and Shirley Broadhead Taylor.”
It is noted as in the subsequent paragraph that reference is made only to “wife and children.” No reference whatever is made to grandchildren. Paragraph five also refers to daughters and the provisions which are to be made therefor. Again no reference is made to grandchildren. Paragraph six, in dealing with the dissolution of the trust, recites that the “writings of each and all such beneficiaries shall be required for such partition.”
At the time the will was written many of the grandchildren of Sam Broadhead were of tender age and longer than ten years would be necessary for them to attain the age of majority. Therefore, the submission in writing of each of said beneficiaries could only have referred to adult beneficiaries and it is apparent from the wording of this paragraph that the only intended beneficiaries were the wife and the children of the testator.
Paragraph twelve of the recommended trust instrument specifically refers to the powers of the trustees and charges them with the exercise of careful regard for the welfare and like needs for the three daughters, who, together with the mother and brothers, are again referred to as the interested parties under the trust agreement.
In paragraph fourteen of the recommended trust wherein the purposes of the trust are enumerated, no reference whatever is made to grandchildren. Paragraph twenty-three of the trust reads as follows:
Should any beneficiary die before termination of the trust, the interest of that beneficiary shall be allocated, share and share alike, among the surviving beneficiaries and an appropriate settlement in money shall be made for benefit of the heirs of the body of such deceased beneficiary but for no other person. This does not apply to the one-half of Virdie Cox Broadhead. (Emphasis added).
The only reference to the heirs of the body of the deceased beneficiary is the desire of the settlor that should one of the *786 beneficiaries die before the trust is terminated, the trustee shall allocate some undefined amount of money for the benefit of the heirs of the body of such deceased beneficiary. This is obviously left to the discretion of the trustee as to what amount should be so utilized. If the testator had intended that the grandchildren have vested interest in the corpus of the trust they would have received more consideration than was provided in this paragraph. “An appropriate settlement” could be any amount payable in any manner and could hardly be said to constitute a vested interest.
At 70 A.L.R. 326, Annot. “Precatory Trusts” at page 331, it is stated:
A combination of words of desire found among the later cases is one where the testator devised property absolutely in trust, then stated, “I particularly desire and recommend” that the property shall never be sold or aliened except for ten years periods, which, if construed as mandatory, would be inconsistent with the first devise; and it was held that it should be presumed that the testator intended consistency, that the latter instruction was precatory only, and that the first controlled, creating an absolute trust unlimited by the precatory words. Newport Hospital v. Harvey, [49 R.I. 40] 139 A. 659 (1927).
Similarly, the trust recommended by testator was an absolute one in favor of the wife and five children, and the recommendation of the trust as a guide was prec-atory only and did not limit the benefits of the testator’s children. It should be presumed that the testator intended consistency, and since the will together with the proposed trust agreement as recommended submitted by the testator clearly shows prevailing intention that the only beneficiaries of the trust be his widow and his five children, it would be inconsistent to hold otherwise because of the presence of precatory words.
At page 334 of 70 A.L.R. 326, supra, we find the following:
In re Wilkening 1930, [137 Mise. 451] 244 N.Y.Supp. 115, the testator expressed a lack of confidence in the ability of a son to preserve his share of the estate, and directed that the income of a trust fund should be paid to the son’s wife “for his support”; and it was held that as to such fund the words were precatory, that no trust in the wife was created, and that she should take the fund without legal restriction.
Similarly, in the case at bar, the testator intended that the five children take the income from the trust without legal restriction. Just as the phrase “for his support” in In re Wilkening, supra, was held to be precatory, so should this Court hold that the recommended guide in the instant case is precatory and that the children should take the income and benefits of the trust without legal restriction.
At 107 A.L.R. 896, 900, Annot. Precatory Trusts, it is stated:
Precatory words are not to be regarded as creating a trust unless it appears that the testator intended to impose an imperative obligation and to exclude the exercise of discretion on the part of the person to whom the recommendatory words are addressed.
It would seems to be a correct reading of the intention with which the testator inserted the words “and provide for the heirs of their bodies” in the second paragraph of the will was to suggest to his children, in their discretion, to use the proceeds of the trust in their best interest and in the interest of their children so that they could enjoy a comfortable living.
In Magnant v. Peacock, 157 Fla. 271, 25 So.2d 566 (1946), the Supreme Court of Florida held that where a testator, by will and codicil, disposed of the entire remainder of his estate to his four sons in equal shares, a further provision in which testator expressed the desire that the four *787 sons make some provision for the daughter of a predeceased son, did not create a prec-atory trust in favor of such daughter. Involved was a bill in chancery by the granddaughter of the testator praying for a decree declaring her right to properties of an estate to the extent of an undivided one-fifth interest, which the chancellor dismissed. The granddaughter, the daughter of a son who predeceased the testator, appealed to the Supreme Court of Florida alleging the chancellor had misconstrued the will of her grandfather. The appellees were the surviving sons of the testator.
The testator by will and codicil devised his entire estate to his wife for life, with remainder to his four sons in equal shares. One of the paragraphs of the will contained the testator’s wish that the sons surviving him should “form a Board of Arbitration” to accomplish a peaceable distribution of the estate and the “desire” that the appellant, his “beloved granddaughter * * be provided for in such manner as to the executor’s and the members of the so-called Board of Arbitration should [see fit].” (Emphasis added).
Having stated the issue to be:
Where the testator * * * disposed of the entire remainder, would a fifth interest in the property inure to a granddaughter * * * where the testator stated only the “desire” that some provision be made for her by her uncles ?
The court held that the language referring to the appellants did not operate to create a precatory trust for her benefit. Further, it was observed that:
[W]e cannot, simply because [testator] expressed the wish that after the death of his wife his sons should make an effort to care for the appellant, hold that that statement would in itself make her cestui que trust and them trustees. (25 So.2d 567).
Similarly, in the instant case, the language “provide for the heirs of their bodies” in the will and the provisions of paragraph 23 of the recommended trust, which testator merely recommended as a guide, did not operate to create a precatory trust for the benefit of the grandchildren.
The Florida court in Magnant stated that the prerequisites to the establishment of a valid “precatory trust” are sufficient words to raise it, a definite subject, and an ascertained object.
At 70 A.L.R. 330, Precatory Trusts (1931) it is stated:
The subject matter of the intended trust must be pointed out with clearness and certainty in order to create a preca-tory trust, and this is not done when a mere request is made of one individual that he care for another, with the amount and extent of care undefined and left to his discretion. Trevathan v. Dees, (1927) 221 Ky. 396, 298 S.W. 975. See 49 A.L.R. 39.
It has been observed to be a sound rule that no trust arises by force of any preca-tory words unless there is certainty in the object and in the subject matter. 54 Am. Jur., Trusts § 57 (1948); 96 C.J.S. Wills § 1011 (1957). Thus, putting aside the prerequisites of sufficient words to raise a trust for the grandchildren, an “ascertained subject” (the thing given) does not exist in the instant case and there is absolutely no certainty as to what part of the trust property, if any, should be considered “appropriate” for the grandchildren. Cf. Patterson v. Humphries, 101 Miss. 831, 58 So. 772 (1912).
A recent California case, In re Estate of Beauchamp, 256 Cal.App.2d 563, 64 Cal.Rptr. 340 (1967), is illustrative of the problem we face here in the instant case. Beauchamp involved a petition to determine heirship in which the petitioners were the grandchildren of the testatrix, Dorothy O. Beauchamp, deceased, and the respondent was the son of the deceased and father of the petitioners. The minors, through their guardian ad litem, filed their petition to determine heirship in which they alleged an *788 interest in the estate by virtue of one of the paragraphs of the last will and testament of the decedent. This paragraph said as follows:
Having in mind my beloved grandchild I hereby give, devise and bequeath unto my beloved son, Edwin Levio Ven-turini, all my property of every kind and description and wherever situated, it being my intention hereunder to leave to my beloved son my entire estate and to make him the residuary legatee hereunder. I have discussed with my son and he fully understands that it is my wishes that he keep and retain my entire estate intact and use the same for the education of any children that he may have. * * *
Petitioners contended that the decedent intended to and did create a trust of her estate for the benefit of petitioners and for the purpose of their education. The trial court entered judgment adverse to petitioners and appeal was taken. The sole issue on appeal was whether the will created a trust or equitable charge against the respondent legatee for the benefit of his minor children. The Court of Appeals held that the language in the will regarding the testatrix’s desire that her son should keep and retain her entire estate intact and use it for education of any children that he may have was precatory in nature and was insufficient to impose a trust upon the estate in favor of son’s minor children. The Court of Appeals looked at testimony adduced at the trial. The lawyer that drew the will of the decedent testatrix testified that:
She told me she wanted to make a will. She told me that she had one son, which I well knew since I knew him since he was a young boy. She said she had one grandchild. She said she wanted to leave everything she had to her son, but she would like to provide for the education of her grandchild. I told her that, in my opinion the proper way to do that would be to create a testamentary trust in which she would name someone as trustee who would have certain powers and duties and be paid a compensation for acting as a trustee; that the time * * * amounts that were to be expended for education should be set out and labeled in the trust; that the length and duration of the trust should be set, and any other pertinent facts that might go into the trust. She said no, she didn’t want to do that because she felt it would tie her property up. She said she wanted to leave it to her son outright; that he was a good father and she had discussed it with him and she knew he would see that his child was properly educated. (64 Cal.Rptr. at 342).
The court in Beauchamp stated that where an absolute estate has been conveyed by a will, that estate will not be limited by subsequent words unless they indicate as clear an intention therefor as was shown by the words creating the estate. Applying this and other rules of construction, the court in Beauchamp held that no trust was created by the will.
I am of the opinion that this Court should hold that the trust plan which testator “recommended as a guide” expresses words of advice and desire of the testator. Page, in his treatise, suggests that:
In the U. S. some courts have seen to be strongly inclined to treat words of advice, desire and the like as not creating a trust unless the other provisions of the will show quite clearly that testator intended to make such words mandatory in spite of their form.
If words of advice, entreaty, desire and the like are used in their ordinary sense, the devisee or legatee is given discretion to accept or reject such advice, and the like. Such language will be presumed to be used in its ordinary sense, and not to impose a trust upon the devisee. (S Bowe-Parker, Page on Wills, § 40.5 (1962)).
In the above excerpt from Page on Wills, the writer cited Lanham v. Howell, *789 210 Miss. 383, 49 So.2d 701 (1951) [Cert. denied 342 U.S. 834, 72 S.Ct. 57, 96 L.Ed. 631 (1951)] for the proposition that preca-tory language will be presumed to be used in its ordinary sense, and not to impose a trust upon the devisee. Lanham involved the construction of a will which contained precatory words concerning charitable and benevolent gifts. The Supreme Court of Mississippi held that the will did not superimpose a trust on an unconditional devise to the defendant, because the precatory words used were not sufficient to establish a trust. In its opinion, the Lanham court stated:
[T]he words of recommendation, or of hope used by the testator must be certain; first, as regards the objects to whom such terms are applied, and second, the subjects of property given must also be certain. The words are then considered imperative and create a trust. * * * [I]f such words are not imperative, if they are not certain as to the subjects, and if they are not certain as to the objects, they do not impair an absolute and unconditional bequest. This principle seems to be in accord with all modern authorities, [citations omitted]
st» ^ ^
The testator was a successful businessman. He sought competent legal advice. Undoubtedly, he must have known what was necessary to create a trust. It would have been so easy to do. * * * It is clear that the precatory words * * * concerning charitable and benevolent gifts were not imperative; they were not certain as to the subj ects; they were not certain as to objects or persons; and they did not constitute a trust which Howell was under obligation to carry out. (210 Miss. at 49 So.2d at 703).
Similarly, in the case at bar, the preca-tory words were not imperative; and they were not certain as to what part of the recommended trust for the five children of the testator would be subject to a trust to the grandchildren, if any, the grandchildren of Sam Broadhead have no interest in the trust property. At most, testator’s recommendation indicates a mere moral obligation in connection with the property, and as such it is insufficient to impose a trust in favor of the grandchildren of the testator.
In my opinion the decision of the majority is contrary to that held by this Court in Lanham v. Powell, supra, and Ryals v. McPhail, supra, and the overwhelming weight of authority elsewhere.
ETHRIDGE, C. J., and SMITH and ROBERTSON, JJ., concur in this dissent.